UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIRA BIOSCIENCES, INC.,<br>Plaintiff,<br>v.<br><br>VENTIS PHARMA, INC.,<br>Defendant. | Case No. 2:24-cv-7554-MRA-RAO<br><br><br>STIPULATED PROTECTIVE ORDER[1] |

1.    GENERAL

1.1    Purposes And Limitations: Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.2    Good Cause Statement: This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/ or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information

---

[1]  This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

-1-

consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

   1.3 <u>Acknowledgement Of Procedure For Filing Under Seal</u>: The parties further acknowledge, as set forth in Paragraph 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

   There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, <u>447 F.3d 1172, 1176</u> (9th Cir<u>. 2006</u>); *Phillips v. Gen. Motors Corp.*, <u>307 F.3d 1206, 1210-11</u> (9th Cir<u>. 2002</u>); *Makar-Welbon v. Sony Electrics,*

-2-

*Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: The lawsuit captioned *Pacira BioSciences, Inc., v. Ventis*

-3-

1    *Pharma, Inc.,* Case Number Case No. 2:24-cv-7554-MRA-RAO proceeding in the

2    United States District Court for the Central District of California.

3         2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the

4    designation of information or items under this Orde<u>r.</u>

5         <u>2.3</u>    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of

6    how it is generated, stored or maintained) or tangible things that qualify for

7    protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in

8    the Good Cause Statement.

9         2.4    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

10   <u>Information or Items</u>:  information (regardless of how it is generated, stored or

11   maintained) or tangible things that qualifies or qualify for protection under <u>Federal</u>

12   <u>Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement,

13   and that is or are deserving of a stricter designation because it contains or they

14   contain extremely sensitive CONFIDENTIAL information that, if disclosed to

15   another Party or Non-Party, would create a substantial risk of harm that cannot be

16   avoided by less restrictive means.

17        2.5    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as

18   their support staff).

19        2.6    <u>Designating Party</u>:  a Party or Non-Party that designates information or

20   items that it produces in disclosures or in responses to discovery as

21   "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22   ONLY."

23        2.7    <u>Disclosure or Discovery Material</u>:  all items or information, regardless

24   of the medium or manner in which it is generated, stored, or maintained (including,

25   among other things, testimony, transcripts, and tangible things) that are produced or

26   generated in disclosures or responses to discovery in this matte<u>r.</u>

27        <u>2.8</u>    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

28                                   -4-

pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12    <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

SMRH 4870-0475-4675

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably

-6-

1   within the ambit of this Order.

2       Mass, indiscriminate or routinized designations are prohibited. Designations

3   that are shown to be clearly unjustified or that have been made for an improper

4   purpose (*e.g.*, to unnecessarily encumber the case development process or to impose

5   unnecessary expenses and burdens on other parties) may expose the Designating

6   Party to sanctions.

7       If it comes to a Designating Party's attention that information or items that it

8   designated for protection do not qualify for protection, that Designating Party must

9   promptly notify all other Parties that it is withdrawing the inapplicable designation.

10      5.2    Manner and Timing of Designations. Except as otherwise provided in

11  this Order (*see*, *e.g.*, second paragraph of Paragraph 5.2(a) below), or as otherwise

12  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

13  under this Order must be clearly so designated before the material is disclosed or

14  produced.

15      Designation in conformity with this Order requires:

16      (a)  for information in documentary form (*e.g.*, paper or electronic

17  documents, but excluding transcripts of depositions or other pretrial or trial

18  proceedings), that the Producing Party affix at a minimum, the legend

19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20  ONLY" to each page that contains protected material.

21      A Party or Non-Party that makes original documents available for inspection

22  need not designate them for protection until after the inspecting Party has indicated

23  which documents it would like copied and produced. During the inspection and

24  before the designation, all of the material made available for inspection shall be

25  deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

26  inspecting Party has identified the documents it wants copied and produced, the

27  Producing Party must determine which documents, or portions thereof, qualify for

28

-7-

protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) for information in documentary form provided in native format, that the Producing Party include the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the filename and, when included, on a slip page (e.g. placeholder TIFF image).

(c)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

-8-

EYES ONLY," as appropriate.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action (or any appeal from this action).  However, notwithstanding the foregoing, to the extent

-9-

SMRH 4870-0475-4675

documents produced by the parties in this action are also relevant and responsive to properly served discovery in the action captioned *United States of America, ex rel. Pacira BioSciences, Inc. v. Nephron Sterile Compounding Center, LLC, et al.*, Case No. 1:23-cv-10135, pending in the United States District Court for the District of Massachusetts (the "Massachusetts Case"), the Producing Party in this Action may cross-designate such relevant and responsive documents for both cases, using different Bates-numbers prefixes for each action but the same document identification number. Such cross-designated documents shall maintain the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation assigned by the Producing Party.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the limited categories of persons set forth in subparagraphs (a)-(i) below. Except for the persons set forth in categories (a), (d), and (e) below, every person receiving such limited disclosure must sign the form attached as **Exhibit A** hereto in order to view the disclosed information:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

-10-

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, but only to the extent counsel of record in this Action shall certify that such specifically-named persons are necessary to conduct the Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the limited categories of persons set forth in subparagraphs 7.2(a), (c)-(g), and (i) above. Except for the persons set forth in categories (a), (d), and (e) above, every person receiving such limited disclosure must sign the form attached as **Exhibit A** hereto in order to view the disclosed information.

-11-

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a

-12-

SMRH 4870-0475-4675

Non-Party in this Action and designated as "CONFIDENTIAL" or as ""HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

-13-

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production of any privileged or otherwise protected or exempted information, as well as the production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials or the subject matter thereof, or the confidential nature of any such information, as to the produced information, or any other information in this case or in any other federal or state proceeding.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Pursuant to

-14-

Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  In the event a Party seeks to file any material that is subject to protection under this Order with the Court, that Party shall take appropriate action to ensure that the documents receive proper protection from public disclosure, including: (1) filing a redacted document with the consent of the Designating Party; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to Local Civil Rule 79-5, or such other rule or procedure as may apply.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the document to the Court shall first consult with counsel for the Designating Party to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the underlying motion.  Nothing in this Order shall be construed as a prior directive

-15-

to the Clerk of Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the Court after proper motion pursuant to Local Rule 79-5.

13.    FINAL DISPOSITION

Within thirty (30) days after final disposition of this Action, including conclusion of any appeal, all Protected Material, and any copies thereof, shall be returned to the Producing Party or destroyed using commercially reasonable efforts unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); or (2) as to documents containing the notations, summations, or other mental impressions of the Receiving Party, that Party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" so long as that work product does not duplicate verbatim substantial portions of the text of said documents. This work product continues to be confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

14.    VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

-16-

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   DATED:  January 9, 2025

4   Sheppard, Mullin, Richter & Hampton LLP

5

6   /s/ *Kazim Naqvi*
    Attorney for Plaintiff
7   Pacira BioSciences, Inc

8

9   DATED: January 9, 2025

10  Womble Bond Dickinson LLP

11

12  /s/ *Carrie Richey*
    Attorney for Defendant
13  Ventis Pharma, Inc.

14

15

16  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

17

18  DATED:_____1/13/2025_____

19

20  HON. ROZELLA A. OLIVER
21  United States Magistrate Judge

22

23

24

25

26

27

28                          -17-

SMRH 4870-0475-4675

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Pacira BioSciences, Inc., v. Ventis Pharma, Inc*., Case Number Case No. 2:24-cv-7554-MRA-RAO ("Action"). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

[For signatories who are not located within the United States:] I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-18-

SMRH 4870-0475-4675